UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X

SALUSTIANO SANABRIA,

                  Plaintiff,

      -against-

THEORY LLC and 47-49 GREENE
STREET OWNER LLC,

             Defendants.

------------------------------------------------------ X

Case No. 1:19-cv-08315-AJN

**ANSWER AND OTHER
AFFIRMATIVE DEFENSES OF
DEFENDANT 47-49 GREENE STREET
OWNER LLC**

Defendant 47-49 Green Street Owner LLC ("Defendant"), by and through its undersigned

attorneys, Seyfarth Shaw LLP, hereby answers the Amended Complaint in the above captioned

action ("Amended Complaint") as follows:

## **INJUNCTIVE RELIEF SOUGHT**

Defendant denies that Plaintiff Salustiano Sanabria ("Plaintiff") is entitled to any of the

injunctive relief requested.

## **JURISDICTION**

**AMENDED COMPLAINT ¶1:**

      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343
for Plaintiff's claims arising under 42 U.S.C. §12181, et seq., based upon Defendants' failure to
remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C.
§§2201 and 2201).

**ANSWER:**

      The allegations contained in Paragraph "1" of the Amended Complaint constitute

conclusions of law as to which no responsive pleading is required and are deemed to be denied.

To the extent that a response is required, Defendant denies each and every allegation contained in Paragraph "1" of the Amended Complaint.

**AMENDED COMPLAINT ¶2:**

Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New York, County of New York.

**ANSWER:**

The allegations contained in Paragraph "2" of the Amended Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied. To the extent that a response is required, Defendant denies each and every allegation contained in Paragraph "2" of the Amended Complaint, except that Defendant states that it does not object to venue in this district.

**PARTIES**

**AMENDED COMPLAINT ¶3:**

Plaintiff, SANABRIA, is a resident of the State of New York, County of The Bronx, is sui juris, is disabled as defined by the ADA, is required to traverse in a wheelchair, is substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and/or pinching.  Plaintiff uses a wheelchair for mobility purposes. Plaintiff's access to the business at 47 Greene Street, New York, NY 1001t3**[sic]** ("the Property"), and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations which exist at the Property and Facility, including those set forth in this Complaint.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the truth of Plaintiff's residence, whether Plaintiff has a disability, whether Plaintiff is required to traverse in a wheelchair, why Plaintiff uses a wheelchair, and whether Plaintiff is substantially limited in performing one or more major life activities.  Defendant denies each and every remaining allegation contained in Paragraph "3" of the Amended Complaint.

**AMENDED COMPLAINT ¶4:**

On or about August 6, 2019, Plaintiff visited the facility with the intention of being a repeat customer at "Theory."  Despite having intent to patronize the facility, Plaintiff was unable to enter the Facility due to the barriers to access present at the entrance and within the Facility.  Able-bodied individuals are able to freely enjoy the goods and services present at this public accommodation, whereas disabled individuals who require a wheelchair to traverse are not. Plaintiff lives 14 miles from the Facility and Property.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to when

and whether Plaintiff visited the "Theory" store located at 47 Greene Street, New York, NY 10013

(the "Facility"), and what conditions he purportedly encountered there.  Defendant denies each

and every remaining allegation contained in Paragraph "4" of the Amended Complaint.

**AMENDED COMPLAINT ¶5:**

Plaintiff intends to visit the Facility and Property within six months, or sooner, to purchase merchandise.  Plaintiff has visited the Facility and Property at least once before and intends on visiting the Facility and Property within the next six months, or sooner, as soon as the Facility and Property are accessible again.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "5" of the Amended Complaint.

**AMENDED COMPLAINT ¶6:**

In this instance, Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendants' ADA violations discussed below.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to

Plaintiff's visit(s) to the Facility and the building located at 47 Greene Street, New York, NY

10013 (the "Property").  Defendant denies each and every remaining allegation contained in

Paragraph "6" of the Amended Complaint.

**AMENDED COMPLAINT ¶7:**

Defendant, THEORY LLC, is a New York domestic limited liability company which transacts business in the State of New York and within this judicial district.  It operates the business at 47 Greene Street, New York, NY 10013 doing business as "Theory" referred to in the Complaint as the "Facility."  THEORY LLC is the lessee, sub-lessee, lessor and/or operator of the real property and improvements which are the subject of this action.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Amended Complaint.

**AMENDED COMPLAINT ¶8:**

Defendant, 47-49 GREENE STREET OWNER LLC, is a foreign limited liability company which transacts business in the State of New York and within this judicial district.  47-49 GREENE STREET OWNER LLC is the owner and/or operator of the real property and improvements which the Facility is situated in and is the subject of this action. (referred in this Complaint as the "Property").

**ANSWER:**

The allegations contained in Paragraph "8" of the Amended Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied. To the extent that a response is required, Defendant admits that it transacts business in the State of New York and within this judicial district, but denies each and every remaining allegation contained in Paragraph "8" of the Amended Complaint.

## FACTUAL ALLEGATIONS AND FIRST CAUSE OF ACTION

**AMENDED COMPLAINT ¶9:**

On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. §12101, et seq.

**ANSWER:**

The allegations contained in Paragraph "9" of the Amended Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.

**AMENDED COMPLAINT ¶10:**

Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(v)     individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities;

(ix)    and the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

**ANSWER:**

The allegations contained in Paragraph "10" of the Amended Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.

**AMENDED COMPLAINT ¶11:**

Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    (iv)      invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

**ANSWER:**

The allegations contained in Paragraph "11" of the Amended Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.

**AMENDED COMPLAINT ¶12:**

The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

**ANSWER:**

The allegations contained in Paragraph "12" of the Amended Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.

**AMENDED COMPLAINT ¶13:**

The Facility is a public accommodation and service establishment. The Property is a public accommodation and service establishment.

**ANSWER:**

The allegations contained in Paragraph "13" of the Amended Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.

**AMENDED COMPLAINT ¶14:**

Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §1281, et seq., and 28 C.F.R. §36.508(a).

**ANSWER:**

The allegations contained in Paragraph "14" of the Amended Complaint constitute

conclusions of law as to which no responsive pleading is required and are deemed to be denied.

**AMENDED COMPLAINT ¶15:**

The Facility must be, but is not, in compliance with the ADA and ADAAG. The Property
must be, but is not, in compliance with the ADA and ADAAG.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "15" of the Amended

Complaint.

**AMENDED COMPLAINT ¶16:**

Plaintiff has attempted to access the Facility and the Property in his capacity as a customer
of the Facility and Property, but could not fully do so because of his disabilities due to the physical
barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property
that preclude and/or limit his access to the Facility and Property and/or the goods, services,
facilities, privileges, advantages and/or accommodations offered therein, including those barriers,
conditions and ADA violations more specifically set forth in this Complaint.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to

Plaintiff's visit(s) to the Facility and Property.  Defendant denies each and every remaining

allegation contained in Paragraph "16" of the Amended Complaint.

**AMENDED COMPLAINT ¶17:**

Plaintiff intends to visit the Facility and Property again in the very near future as a customer
in order to utilize all of the goods, services, facilities, privileges, advantages and/or
accommodations commonly offered at the Facility and Property, but will be unable to fully do so
because of his disability and the physical barriers to access, dangerous conditions and ADA
violations that exist at the Facility and Property that preclude and/or limit his access to the Facility
and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations
offered therein, including those barriers, conditions and ADA violations more specifically set forth
in this Complaint.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to Plaintiff's intent to visit the Facility and Property in the future. Defendant denies each and every remaining allegation contained in Paragraph "17" of the Amended Complaint.

**AMENDED COMPLAINT ¶18:**

Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by persons with disabilities, including Plaintiff.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "18" of the Amended Complaint.

**AMENDED COMPLAINT ¶19:**

Defendants have discriminated against Plaintiff by failing to comply with the above requirements. Prior to the filing of this Complaint, Plaintiff was made aware of the following specific violations present at the Facility. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and preclude and/or limit Plaintiffs ability (because of his disability) to access the Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include:

**ACCESSIBLE ELEMENTS**

a. There are changes in level at Property exceeding 1/2 (one-half) inch that are not properly ramped in violation of Section 303.4 of the 2010 ADAAG standards. Specifically, on the south side of the Property, there are multiple steps that create an excessive vertical rise at the entrance, thus rendering the interior of the Property inaccessible at this entrance. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

b. On the north side is another entrance to the store and for this entrance there are changes in level at Property exceeding 1/2 (one-half) inch that are not properly ramped in violation of Section 303.4 of the 2010 ADAAG standards. Specifically, closest to where the men's sign is, there are multiple steps that create an excessive

vertical rise at the entrance, thus rendering the interior of the Property inaccessible at this entrance as well.  This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

c.      The maneuvering clearance of the accessible entrance is not level in violation of Section 404.2.4.4 of the 2010 ADAAG standards.  This violation made it difficult for Plaintiff to access the units of the Property.

d.      Due to the accessible barriers present at the accessible entrances, the Property lacks at least one accessible route provided within the site to the public streets and sidewalks in violation of Section 206.2.1 of the 2010 ADAAG standards.

e.      The Property lacks signage identified by the International Symbol of Accessibility that indicates the location of the nearest entrance complying with Section 404 of the 2010 ADAAG standards, if such an entrance exists.  This policy decision by Defendant(s) violates section 216.6 of the 2010 ADAAG Standards.  This violation made it difficult for Plaintiff to find an accessible entrance.

f.      The Property lacks an access route from site arrival points such as the public streets and sidewalks to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards.

g.      There is not at least one accessible entrance to each tenant space in the building that complies with Section 404 of the 2010 ADAAG standards which is a violation of section 206.4.5 of the 2010 ADAAG Standards.

h.      There are double doors, each door is not thirty-two (32) inches in clear width in violation of Section 404.2.3 of the 2010 ADAAG standards.  This violation made it difficult and dangerous for Plaintiff to access the interior of the Property.

i.      There are sales and services counters lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 (thirty-six) inches in height from the finished floor.  This violation made it difficult for Plaintiff to properly transact business at the Property.

j.      Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**ANSWER:**

Defendant denies that it discriminated against Plaintiff.  Defendant also denies having knowledge or information sufficient to form a belief as to what Plaintiff was made aware of with respect to the conditions at the Facility and Property.  Defendant responds to the remaining allegations contained in Paragraphs "19(a)" through "19(j)" of the Amended Complaint as follows:

61981147v.2

a.      Defendant denies the allegations contained in Paragraph "19(a)" of the Amended Complaint, except admits that there is a vertical change in level along the route leading to the public entrance of the Property.  Defendant denies these remaining allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Facility and Property; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "properly ramped," "excessive vertical rise," "inaccessible," and "difficult") are vague, undefined, and/or conclusory.

b.      Defendant denies the allegations contained in Paragraph "19(b)" of the Amended Complaint, except admits that there is a vertical change in level along the route leading to the public entrance of the Property.  Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Facility and Property; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "properly ramped," "excessive vertical rise," "inaccessible," and "difficult") are vague, undefined, and/or conclusory.

c.      Defendant denies the allegations contained in Paragraph "19(c)" of the Amended Complaint.  Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Facility and Property; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "maneuvering clearance," "accessible," and "difficult") are vague, undefined, and/or conclusory.

d.      Defendant denies the allegations contained in Paragraph "19(d)" of the Amended Complaint.  Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Facility and Property; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "accessible") are vague, undefined, and/or conclusory.

e.      Defendant denies the allegations contained in Paragraph "19(e)" of the Amended Complaint.  Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Facility and Property; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "difficult," "accessible," and "complying with Section 404 of the 2010 ADAAG standards") are vague, undefined, and/or conclusory.

f.      Defendant denies the allegations contained in Paragraph "19(f)" of the Amended Complaint.  Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions

61981147v.2

Plaintiff encountered at the Facility and Property; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "accessible," "access route") are vague, undefined, and/or conclusory.

g.     Defendant denies the allegations contained in Paragraph "19(g)" of the Amended Complaint.  Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Facility and Property; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "accessible," "complies with Section 404 of the 2010 ADAAG standards") are vague, undefined, and/or conclusory.

h.     Defendant denies the allegations contained in Paragraph "19(h)" of the Amended Complaint.  Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Facility and Property; and (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "difficult" and "clear width") are vague, undefined, and/or conclusory.

i.     Defendant denies the allegations contained in Paragraph "19(i)" of the Amended Complaint.  Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Facility and Property; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "difficult," and "properly") are vague, undefined, and/or conclusory.

j.     Defendant denies the allegations contained in Paragraph "19(j)" of the Amended Complaint.  Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Facility and Property; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "readily accessible," "usable," and "disabled") are vague, undefined, and/or conclusory.

**AMENDED COMPLAINT ¶20:**

Since the barriers to access at the Facility and Property prevented Plaintiff from entering, the above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.  Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "20" of the Amended

Complaint.

**AMENDED COMPLAINT ¶21:**

The removal of the physical barriers and dangerous conditions present at the Facility and
Property is readily achievable because the nature and cost of the modifications are relatively low
and the Defendants have the financial resources to make the necessary modifications.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "21" of the Amended

Complaint.

**AMENDED COMPLAINT ¶22:**

Upon information and belief, the Facility and Property has been altered since 2010.

**ANSWER:**

The allegations contained in Paragraph "22" of the Amended Complaint constitute

conclusions of law as to which no responsive pleading is required and are deemed to be denied.

**AMENDED COMPLAINT ¶23:**

In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard
applies and all of the violations listed in paragraph 19 can be applied to the 1991 ADAAG
standards.

**ANSWER:**

The allegations contained in Paragraph "23" of the Amended Complaint constitute

conclusions of law as to which no responsive pleading is required and are deemed to be denied.

To the extent that a response is required, Defendant denies each and every allegation contained in

Paragraph "23" of the Amended Complaint.

**AMENDED COMPLAINT ¶24:**

Plaintiff has attempted to gain access to the Facility and Property in his capacity as a
customer, but because of his disability has been denied access to, and has been denied the benefits

of services, programs and activities of the Facility and Property, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendants because of Plaintiffs disabilities, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to Plaintiff's visit(s) to the Facility and Property.  Defendant denies each and every remaining allegation contained in Paragraph "24" of the Amended Complaint.

**AMENDED COMPLAINT ¶25:**

The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.  42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "25" of the Amended Complaint.

**AMENDED COMPLAINT ¶26:**

Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein.  The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to Defendant.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "26" of the Amended Complaint.

**AMENDED COMPLAINT ¶27:**

Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendants pursuant to 42 U.S.C. § § 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendants.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to Plaintiff's arrangement for the payment of attorneys' fees, costs, and expenses to his attorney. Defendant denies each and every remaining allegation contained in Paragraph "27" of the Amended Complaint.

**AMENDED COMPLAINT ¶28:**

Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

**ANSWER:**

The allegations contained in Paragraph "28" of the Amended Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied. To the extent that a response is required, Defendant denies each and every allegation contained in Paragraph "28" of the Amended Complaint.

**SECOND CAUSE OF ACTION- VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW**

**AMENDED COMPLAINT ¶29:**

The New York City Human Rights Law provides:

"(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived ... disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof ... to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of... disability NYC Admin. Code § 8-107(4)(a)."

**ANSWER:**

The allegations contained in Paragraph "29" of the Amended Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.

**AMENDED COMPLAINT ¶30:**

Defendants are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "30" of the Amended Complaint.

**AMENDED COMPLAINT ¶31:**

The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 30 as if set forth in their entirety here.

**ANSWER:**

Defendant repeats and restates its responses to Paragraphs "1" through "30" of the Amended Complaint as if more fully set forth herein.

**THIRD CAUSE OF ACTION- VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

**AMENDED COMPLAINT ¶32:**

The New York State Human Rights Law provides:

"(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation..., because of the disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof ... to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of... disability. NYS Exec. Law § 296 (2)(a)."

**ANSWER:**

The allegations contained in Paragraph "32" of the Amended Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.

**AMENDED COMPLAINT ¶33:**

Defendant's Property is a place of public accommodation as defined in the New York State Human Rights Law.

**ANSWER:**

The allegations contained in Paragraph "33" of the Amended Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied. To the extent that a response is required, Defendant denies each and every allegation contained in Paragraph "33" of the Amended Complaint.

**AMENDED COMPLAINT ¶34:**

The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "34" of the Amended Complaint.

**AMENDED COMPLAINT ¶35:**

Defendants are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "35" of the Amended Complaint.

**AMENDED COMPLAINT ¶36:**

The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 35 as if set forth in their entirety here.

**ANSWER:**

Defendant repeats and restates its responses to Paragraphs "1" through "35" of the Amended Complaint as if more fully set forth herein.

61981147v.2

## DAMAGES, ATTORNEY FEES AND COSTS

**AMENDED COMPLAINT ¶37:**

The Plaintiff demands five hundred dollars ($500.00) in compensatory damages based on the Defendants' violation of the New York City Human Rights Law and the New York State Human Rights Law.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "37" of the Amended

Complaint, and further states that Plaintiff is not entitled to any of the relief requested.

**AMENDED COMPLAINT ¶38:**

The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "38" of the Amended

Complaint, and further states that Plaintiff is not entitled to any of the relief requested.

**AMENDED COMPLAINT ¶39:**

Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "39" of the Amended

Complaint, and further states that Plaintiff is not entitled to any of the relief requested.

WHEREFORE, Plaintiff respectfully requests that this Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants, **THEORY LLC and 47-49 GREENE STREET OWNER LLC** , to remove the physical barriers to access and alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and award Plaintiff his reasonable attorneys' fees, litigation expenses and costs.

**ANSWER:**

Defendant denies that Plaintiff is entitled to any of the relief requested.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

By pleading the following as Affirmative and/or other Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves the position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish the requested relief. Without prejudice to its denials and other statements of its pleadings, Defendant alleges the following defenses:

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff lacks standing to seek relief under Title III of the ADA for himself, and all persons similarly situated, with respect to conditions that do not affect his disability.

3.      Plaintiff lacks standing to seek injunctive relief because he is under no threat of imminent harm.

4.      Defendant did not design or construct the property at issue in the Complaint.

5.      Any and all alterations that were made to the premises after January 26, 1992 were made so that, to the maximum extent feasible, the altered portion of the premises, if any, are readily accessible to, and usable by, individuals with disabilities.  To the extent any such alterations are not readily accessible and usable by individuals with disabilities, it was not feasible to make them so.

6.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the

61981147v.2

accessibility requirements for the alleged barriers identified in the Complaint is structurally impracticable and/or technically infeasible.

7.  The removal of the alleged access barriers complained of in the Complaint, if any, is not readily achievable.

8.  The premises provide equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy their goods, facilities, and services.

9.  To the extent any alterations were made to the premises triggering the requirements of 28 C.F.R. § 36.403 (path of travel), the costs of meeting those requirements are disproportionate to the cost of the alterations.

10. Assuming, *arguendo*, that the ADA Standards at 28 C.F.R. Part 36 App. A are deemed relevant to this case, any deviations from those guidelines are *de minimis* and within construction and/or manufacturing tolerances.

11. To the extent that Plaintiff was not provided with full and equal accommodations, advantages, facilities, or privileges of services, it was because Plaintiff failed to provide sufficient notice of the need and sufficient opportunity to do so.

12. Plaintiff cannot recover for any violations he did not personally encounter on a particular occasion and which have not deterred any desire for access.

13. Plaintiff's claims are barred to the extent that federal, state, or local laws, including zoning and landmark ordinances, prohibit the physical modifications sought.

14. Plaintiff's claims are barred to the extent that accommodating Plaintiff would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, benefits and/or accommodations offered to the public and/or result in an undue burden.

61981147v.2

15.    Plaintiff has failed to take any reasonable steps to mitigate, alter or otherwise reduce his alleged damages, including attorneys' fees, expenses and costs.  Thus, any damages and/or fees, expenses and costs awarded to Plaintiff should be reduced accordingly.

16.    The claims for relief set forth in the Complaint are barred by the applicable statutes of limitations.

17.    Plaintiff has not suffered any damages as a result of any actions taken and/or not taken by Defendant, or its agents, and Plaintiff is thus barred from asserting any claims for relief against Defendant.

18.    To the extent Plaintiff seeks punitive damages, any such recovery is unconstitutional because it violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.

19.    To the extent Plaintiff seeks punitive damages, any such recovery is unconstitutional because it violates the excessive fines clause of the Eighth Amendment of the Constitution of the United States.

20.    Plaintiff's claims are barred to the extent they seek to impose upon Defendant obligations for which Defendant is not legally responsible.

21.    Plaintiff's claims fail to the extent implementation of the requested alteration would pose a direct threat to the health and safety of others, including Plaintiff.

22.    Plaintiff is not entitled to recover attorneys' fees for moot claims under <u>Buckhannon Bd. & Care Home v. West Virginia Dept. Of Health And Human Resources</u>, 532 U.S. 598 (2001).

**WHEREFORE**, Defendant prays that the Court enters a judgment:

      1.    dismissing the Complaint *with prejudice*, including all claims and allegations asserted in the Complaint against Defendant;

61981147v.2

2.      granting Defendant its costs, including attorneys' fees, incurred in this
        action; and

3.      granting Defendant such other and further relief as the Court may deem
        just and proper.


Dated: New York, New York                SEYFARTH SHAW LLP
       February 25, 2020


                                         By: */s/ John W. Egan*
                                             John W. Egan
                                             jegan@seyfarth.com
                                             620 Eighth Avenue
                                             New York, New York  10018
                                             Telephone:  (212) 218-5500
                                             Facsimile:  (212) 218-5526

                                         *Attorneys for Defendant*
                                         *47-49 Greene Street Owner LLC*

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on February 25, 2020, I electronically filed the foregoing Answer and Affirmative and Other Defenses of Defendant 47-29 Greene Street Owner LLC with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

 /s/ *John W. Egan*
John W. Egan